Genevieve **AIMONETTO, Plaintiff,**

v.

**FARMERS INSURANCE GROUP, Defendant.**

**Civ. No. 5191.**

United States District Court
D. Wyoming.

Nov. 6, 1968.

George F. Guy, Ted Simola, Cheyenne, Wyo., for defendant.

R. D. Hurd, Rapid City, S. D., for plaintiff.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

KERR, District Judge.

The above entitled matter having come on regularly for hearing before the Court upon defendant's motion for summary judgment, and the defendant having appeared by George F. Guy and Ted Simola in support of its motion, and the plaintiff having appeared by R. D. Hurd in opposition to said motion, and the Court having heard arguments of counsel in support of and in opposition to said motion, took said motion under advisement; and having examined the briefs filed by the parties, and having reviewed all of the pleadings, admissions, interrogatories and answers thereto, the depositions and exhibits on file herein, and being fully advised in the premises, the Court FINDS:

1. This is an action to recover the proceeds of a fire insurance policy No.

FC 4047–04–22, in the amount of $60,-000.00, covering the building located at 1 North Summit, Newcastle, Wyoming, on the property described as Lot 8 in Block BC of County Clerk's Addition to Newcastle, Wyoming, referred to hereinafter as the building.

2. Plaintiff is a citizen of the State of Wyoming, and defendant is a corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California. The true and correct name of defendant is Fire Insurance Exchange, a member of the Farmers Insurance Group. The amount in controversy exceeds, exclusive of interest and costs, the sum of $10,000.00.

3. On July 8, 1966, defendant issued a policy of insurance to William P. Haley d/b/a Uptown Bargain Center, covering the building, with a loss payable clause to Pacific Atlantic Life Insurance Company, First Mortgagee, and Genevieve Aimonetto, Second Mortgagee.

4. The building was damaged by fire on January 1, 1967.

5. Defendant refuses to pay the loss claimed by plaintiff on the ground that it is not liable to plaintiff for any or all damage caused by the fire for the reason, among others, that plaintiff, Genevieve Aimonetto, aided and abetted by her husband, Leo Aimonetto, procured the issuance of the policy from the defendant by concealment and false representations to David Williams, defendant's agent, who issued said policy and that the issuance thereof was procured in violation of the concealment and misrepresentation provisions of said policy.

6. The concealment and misrepresentation provision of the policy provides, in the language of the Standard Fire Policy contained in Section 26–81 W.S.1957, that the "entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or any false swearing by the insured relating thereto".

7. Plaintiff, Genevieve Aimonetto, is now and has been at all times since June 16, 1956, the record title owner of the building and the property at 1 North Summit, Newcastle, Wyoming, also described as Lot 8, Block BC of the County Clerk's Addition to the Town of Newcastle, Wyoming.

8. From 1963 through 1966, William P. Haley was President, and Leo Aimonetto was Vice-President of Uptown Motors, Inc., a Wyoming corporation, the stock of which company was owned by Mr. Haley, Leo Aimonetto and one other person.

9. Prior to May 1966, that is, in March or April of that year, William P. Haley, in his capacity as President of Uptown Motors, Inc., discussed purchasing the building from Genevieve Aimonetto, the purchase to be by and on behalf of Uptown Motors, Inc.

10. Leo Aimonetto, husband of the plaintiff, conducted all of the negotiations with William P. Haley on behalf of the plaintiff, for the sale of plaintiff's building. Leo Aimonetto instructed Mr. Haley to obtain fire insurance on said building. The negotiations and acts of Leo Aimonetto with respect to the sale of the building were concurred in and approved by the plaintiff.

11. In the Spring of 1966, Leo Aimonetto purportedly made an oral agreement to sell the building to Mr. Haley, the date, terms and conditions of which oral agreement are not in evidence, except that Mr. Haley was to purchase the building on behalf of Uptown Motors, Inc., and pay the sum of $65,000.00 for the building, the parts, and the machinery. Mr. Haley took possession of the building in May or June 1966 and started operating his business as a subsidiary of Uptown Motors, Inc. At that time Mr. Haley had not entered into a written contract to purchase the building.

12. On July 8, 1966, when William P. Haley applied for fire insurance on the building, he informed David Williams,

defendant's insurance agent, that he, William P. Haley, had purchased said building from Genevieve Aimonetto, and that Genevieve Aimonetto held a second mortgage on the building. When he made such representation, Mr. Haley knew that Genevieve Aimonetto had full record title to the building.

13. William P. Haley has not purchased the building from Genevieve Aimonetto nor has he contracted with Genevieve Aimonetto for the purchase of said building. All negotiations for the purchase of the building were conducted by and between Leo Aimonetto and William P. Haley on behalf of Uptown Motors, Inc.

14. Even though William P. Haley had not given Genevieve Aimonetto a second mortgage on the building he represented to defendant's agent, David Williams, in his application for fire insurance on the building dated July 8, 1966, that Genevieve Aimonetto held a second mortgage on the building.

15. Plaintiff, Genevieve Aimonetto, was not the holder of a second mortgage on the building, but she was the vendor, together with her husband, Leo Aimonetto, under an Agreement for Sale of Property dated December 21, 1966.

16a. The Agreement for Sale of Property dated December 21, 1966, states that Genevieve Aimonetto and Leo Aimonetto are the sellers and that Genevieve Aimonetto is the owner of Lot 8 in Block BC of County Clerk's Addition to Newcastle, Wyoming, with all improvements located thereon. Said agreement is executed by Genevieve Aimonetto as seller and by Uptown Motors, Inc., William P. Haley, President, as "buyers".

b. Under the terms of said agreement, the buyer agreed to maintain fire insurance on the improvements, naming the sellers as owners of the respective insurable interest.

c. Said agreement provided that the buyer agreed to pay the total purchase price of $144,400.00, the sum of $25,000.00 to be paid in cash upon the signing of the agreement. Upon the full and complete payment of the purchase price "sellers" agreed to execute and deliver a warranty deed conveying the real property and improvements thereon to the buyer.

d. No part of said purchase price was ever paid to plaintiff by Mr. Haley, and no warranty deed or other document of conveyance was ever executed or delivered by plaintiff to William P. Haley.

e. What particular right, if any, said partially executed agreement conferred upon the parties thereto, is of course, not in issue in this matter, as it was dated and purportedly executed after July 8, 1966, when Mr. Haley, representing that the Aimonettos had nothing to do with the building and that he himself had purchased the building, applied for and received the insurance policy. The agreement, however, has some materiality to the issues before this Court, in that it corroborates the fact that Mrs. Leo Aimonetto, the plaintiff, owned the property, that Mr. and Mrs. Leo Aimonetto were the sellers of the property, that they claimed the insurable interest in the property, and that Uptown Motors, Inc., was the buyer, all of which representations are different from and contrary to those made by William P. Haley when he applied for and received the fire insurance policy here in issue.

17. At all times herein material, William P. Haley did not own and he does not now own the property located at 1 North Summit, Newcastle, Wyoming, which was the property insured by defendant's insurance policy No. FC 4047–04–22, issued July 8, 1966, to William P. Haley in the amount of $65,000.00.

18. At all times herein material, plaintiff did not hold a second mortgage on said property located at 1 North Summit, Newcastle, Wyoming.

19. William P. Haley wilfully concealed and misrepresented his interest and the interest of Genevieve Aimonetto and of her husband, Leo Aimonetto, in the property located at 1 North Summit, Newcastle, Wyoming, upon which was

issued the fire insurance policy No. FC 4047–04–22.

20. Although William P. Haley owned one share of stock in Uptown Motors, Inc., on July 8, 1966, he did not inform David Williams, defendant's insurance agent, that he was a shareholder in Uptown Motors, Inc., nor that he was applying for the insurance as a stockholder in or on behalf of Uptown Motors, Inc.

21. The misrepresentations made by William P. Haley to David Williams, defendant's agent, were as follows:

A. That William P. Haley had purchased the building from Genevieve Aimonetto;

B. That Genevieve Aimonetto held a second mortgage upon said property from William P. Haley, junior to the mortgage outstanding to the Pacific Atlantic Life Insurance Co., which first and only mortgage was in truth and in fact outstanding on July 8, 1966.

22. William P. Haley concealed from David Williams, defendant's agent, the following material facts:

A. That William P. Haley's interest in the building, if any, was as president of and on behalf of Uptown Motors, Inc., some of the stock of which company was owned by Leo Aimonetto;

B. That Genevieve Aimonetto had full record title interest in the property known as 1 North Summit, Newcastle, Wyoming, which was the property insured by defendant's insurance policy No. FC 4047–04–22 issued to William P. Haley on July 8, 1966;

C. That William P. Haley was operating Uptown Bargain Center as a subsidiary of Uptown Motors, Inc., of which latter company Leo Aimonetto, husband of plaintiff, was Vice-President and shareholder.

23. The aforesaid concealments and misrepresentations were made by William P. Haley to David Williams, defendant's agent, in procuring the issuance of the insurance policy to William P. Haley, d/b/a Uptown Bargain Center, with the loss payable clause in favor of plaintiff, Genevieve Aimonetto, and they are concealments and misrepresentations of material facts which constitute a violation of the concealment and misrepresentation provision of insurance policy No. FC 4047–04–22 issued by defendant to William P. Haley on July 8, 1966.

24. Said concealments and misrepresentations by William P. Haley in his application for the insurance on the building are material misrepresentations and concealments as to title and void the policy under the terms thereof.

25. The concealment and misrepresentation provision of the insurance policy issued by defendant to William P. Haley would vitiate the policy even if William P. Haley had purchased the fire insurance on the building as a stockholder of Uptown Motors, Inc., for the reason that William P. Haley represented to the agent for the defendant in his application for insurance that he, William P. Haley, was the owner of the property rather than Uptown Motors, Inc.

26. Plaintiff is not entitled to recover in this action for the reason that an avoidance of the policy for misrepresentations made by the insured, William P. Haley, voids the policy and precludes plaintiff, Genevieve Aimonetto, from asserting any claim against the insurer under said policy, plaintiff being the vendor under a contract for deed and being considered an appointee of the vendee, the insured herein, and subject to the defenses which the defendant may have against the insured, William P. Haley.

The Court further finds that there is no genuine issue as to any material fact and that defendant, Fire Insurance Exchange, a member of the Farmers Insurance Group, is entitled to a judgment as a matter of law.

Now, therefore, it is ordered that the motion of defendant, Fire Insurance Exchange, a member of Farmers Insurance Group, for Summary Judgment be, and the same is hereby granted, the defendant to have its costs expended herein.